UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY L. BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>D. PEREZ,<br><br>　　　　　Defendant. | Case No. 1:19-cv-01638-DAD-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Doc. 36) |

Plaintiff requests the appointment of counsel to represent him in this action. (Doc. 36.) Plaintiffs do not have a constitutional right to appointed counsel in section 1983 actions, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

///

The Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and has made serious allegations that, if proven, would entitle him to relief, his case is not extraordinary. The Court is faced with similar cases almost daily. In addition, the Court cannot determine whether Plaintiff is likely to succeed on the merits; and, based on a review of the records in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

In support of his motion, Plaintiff states that the prison at which he is incarcerated has limited inmates' access to the law library due to the COVID-19 pandemic. (Doc. 36 at 1.) The Court notes that, if Plaintiff's ability to timely respond to a motion or court order is obstructed by limited access to the library, he may request an extension of time. The Court routinely grants extensions of time, as long as the requests are supported by good cause. Additionally, at present, there are no pending motions or court orders that require a response from Plaintiff,[1] and discovery in this matter is currently stayed, (Doc. 33). Accordingly, the Court DENIES Plaintiff's motion for the appointment of counsel without prejudice.

IT IS SO ORDERED.

Dated:   **February 6, 2021**                     **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants filed an exhaustion-based motion for summary judgment on November 24, 2020, (Doc. 26), to which Plaintiff filed an opposition on January 21, 2021, (Doc. 34).

2