UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY L. BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>D. PEREZ,<br><br>    Defendant. | Case No. 1:19-cv-01638-DAD-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST**<br><br>(Doc. 26)<br><br>21-DAY DEADLINE |

Defendant moves for summary judgment on the grounds that Plaintiff failed to exhaust administrative remedies prior to filing suit. (Doc. 26.) For the reasons set forth below, the Court recommends that Defendant's motion be granted.

**I.    SUMMARY OF FACTS**

Ricky L. Brown initiated this action on November 18, 2019. Pl.'s Compl. (Doc. 1). At all times relevant to this action, Plaintiff was incarcerated at California State Prison, Corcoran. *Id.* 1.

In his complaint, Plaintiff contends that Correctional Officer D. Perez used excessive force against him on January 23, 2017. *Id.* 3-4. Plaintiff alleges the officer placed him in plastic restraints that were excessively tight then left him in a cell for 11 hours. *Id.* 3. He further alleges that he had no access to food, water, or a toilet during those hours. *Id.* 4.

Plaintiff filed an administrative grievance regarding the incident on February 13, 2017. Def.'s Statement of Undisputed Facts ("SUF") ¶¶ 17-18 (Doc. 26-3 at 3); Moseley Decl. Ex. B

(Doc. 26-3 at 17-20). In the grievance, Plaintiff alleged that "Officer Perez applied hand-restraints on him excessively tight." Def.'s SUF ¶ 17.

On October 24, 2017, the California Department of Corrections and Rehabilitation Office of Appeals cancelled Plaintiff's appeal at the third level of review because Plaintiff "refused to be interviewed or cooperate with the reviewer during the appeal review process." *Id.* ¶ 19; Moseley Decl. Ex. B. Specifically, "[w]hen CDCR staff attempted to interview Plaintiff on April 16, 2017 . . ., Plaintiff refused to exit his cell to participate in an interview and . . . refused to sign the Right's and Responsibility form." Def.'s SUF ¶ 20.

Plaintiff appealed the cancellation on November 5, 2017. *Id.* ¶ 22; Moseley Decl. Ex. C (Doc. 26-3 at 36-39). On February 8, 2018, the CDCR Office of Appeals denied the appeal, stating that Plaintiff's prior appeal was appropriately canceled pursuant to section 3084.6(c)(8) of the California Code of Regulations. Def.'s SUF ¶ 23; Moseley Decl. Ex. C (Doc. 26-3 at 34). Plaintiff filed no other grievances concerning the events underlying this action prior to initiating the action on November 18, 2019. *See* Def.'s SUF ¶¶ 9-18, 22-25.

## II. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials," or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A),(B). When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*,

2

477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B).

Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–23. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment . . . is satisfied." *Id.* at 323.

### B. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is mandatory and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). Inmates are required to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The failure to exhaust administrative remedies is an affirmative defense, which the defendant must plead and prove. *Jones*, 549 U.S. at 204, 216. The defendant bears the burden of producing evidence that proves a failure to exhaust; and, summary judgment is appropriate only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary judgment, the defendant must prove (1) the existence of an available administrative remedy and (2) that Plaintiff failed to exhaust that remedy. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (citations omitted). If the defendant meets this burden, "the burden shifts to the plaintiff,

who must show that there is something particular in his case that made the existing and generally available administrative remedies effectively unavailable to him. . ." *Id.* If the plaintiff fails to meet this burden, the court must dismiss the unexhausted claims or action without prejudice. *See Lira v. Herrera*, 427 F.3d 1164, 1175 (9th Cir. 2005).

### C. CDCR Grievance Process

The CDCR has an administrative grievance system for prisoners to appeal a policy, decision, action, condition, or omission by the department or staff if it has an adverse effect on prisoner health, safety, or welfare. Cal. Code Regs. tit. 15, §§ 3084.1(a) (2017), 3999.226(a). Compliance with 42 U.S.C. § 1997e(a) requires California-state prisoners to utilize CDCR's grievance process to exhaust their claims prior to filing suit in court. *See Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010); *see also Woodford*, 548 U.S. at 85-86. Administrative appeals are generally subject to two to three levels of review before the remedy is deemed exhausted. Cal. Code Regs. tit. 15, §§ 3084.1(b) (2017), 3084.7(d)(3) (2017), 3999.226(g), 3999.230(h); s*ee also Sapp*, 623 F.3d at 818.

### III. DISCUSSION

The Prison Litigation Reform Act requires "proper exhaustion," which means that "the prisoner must complete the administrative review process in accordance with the applicable procedural rules . . . as a precondition to bringing suit in federal court." *Woodford*, 548 U.S. at 88, 93. The rules that must be followed, in other words, "are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 218. "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system . . ., but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*

In 2017, California regulations required prisoners to pursue a grievance or appeal through three levels of review in order to exhaust administrative remedies. Cal. Code Regs. tit. 15, §§ 3084.1(b) (2017), 3084.7(d)(3) (2017). The regulations provided that "[a]n appeal may be cancelled" if "[t]he appellant refuses to be interviewed or to cooperate with the reviewer." *Id.* § 3084.6(c)(8) (2017). A cancellation (as opposed to a denial on the merits) "does not exhaust

administrative remedies." *Id.* § 3084.1(b)(2017); *see also Wilson v. Zubiate*, 718 F. App'x 479, 481 (9th Cir. 2017).

Before filing his complaint, Plaintiff submitted one grievance related the incidents underlying this case. *See* Def.'s SUF ¶¶ 9-18, 22-25. The CDCR Office of Appeals cancelled the appeal because Plaintiff refused to be interviewed as part of the appeal process on April 16, 2017, and because he refused to sign a Rights and Responsibility form. *Id.* ¶¶ 19-20. Per the terms of California Code of Regulations section 3084.6(c)(8), provided above, the cancellation was proper. Therefore, Plaintiff failed to properly exhaust the remedy.

In his opposition, Plaintiff states that correctional officers interviewed him about the subject incidents on February 22, 2017. Pl.'s Opp'n 2 (Doc. 34 at 2). However, it is unclear whether this interview constituted part of the grievance-review process, as opposed to a separate use-of-force investigation. *See* Def.'s Reply 4-5 (Doc. 35 at 4-5). More to the point, Plaintiff does not dispute that he failed to sign a Rights and Responsibility form or to submit to an interview on April 16, 2017, *see generally* Pl's Opp'n, which clearly *did* constitute part of the grievance-review process, *see* Def.'s SUF ¶¶ 19-21. Based on these facts, and pursuant to state regulations, CDCR's cancellation of Plaintiff's appeal was appropriate.

The Supreme Court has explicitly held "that the PLRA exhaustion requirement requires proper exhaustion." *Woodford*, 548 U.S. at 93. To properly exhaust, prisoners must comply with the prison's grievance procedures. *Jones*, 549 U.S. at 218. That is, "the prison's requirements . . . define . . . proper exhaustion." *Id.* Plaintiff did not comply with the CDCR's procedures with respect to his grievance regarding the incidents underlying this action. Therefore, Plaintiff did not properly exhaust his administrative remedies.

## IV.   CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court RECOMMENDS that Defendant's motion for summary judgment (Doc. 26) be GRANTED and this action DISMISSED for failure to exhaust administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of

5

service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of her rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 5, 2021__          _/s/ Jennifer L. Thurston
CHIEF UNITED STATES MAGISTRATE JUDGE